# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-139 |
| | ) | |
| WILLIAM L. BOST, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 4, 2012, for a hearing on the Defendant's Motion for Continuance of Pre-Trial Hearing and Trial Dates [Doc. 21], filed on December 27, 2011. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorneys Gregory P. Isaacs and Andrea Brooke Mohr represented the Defendant, who was also present.

In his motion, the Defendant asks the Court to continue the January 10, 2012 trial date in this case because Attorney Isaacs was retained on December 13, 2011, less than one month prior to the current trial date. Counsel asserts that he continues to review the file and discovery obtained from previous counsel and that he requires additional time to conduct an adequate pretrial investigation of the case. The Defendant also requests an extension of the motion-filing deadline because he requires additional time to research and prepare pretrial motions, including a possible

1

motion to suppress. Lastly, the Defendant requests a new date for a pretrial hearing, which was scheduled to occur on January 4, 2012. At the hearing, counsel stated that the Defendant understands his speedy trial rights with regard to this extension and that he does not object to a continuance of the matter. The Government stated that it had no objection to the requested continuances. The parties agreed to a new trial date of June 26, 2012, and the attorneys agreed that all time between the filing of the motions to continue and the new trial date would be fully excludable time under the Speedy Trial Act.

The Court finds the motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). After the return of the Indictment against the Defendant on November 8, 2011, the Defendant initially appeared for arraignment on the Indictment on November 10, 2011 [Doc. 10]. The Court appointed [Doc. 12] Laura E. Davis of the Federal Defender Services of Eastern Tennessee to represent the Defendant at that time. On December 22, 2011, the Court entered an order [Doc. 20] substituting Attorney Isaacs for Ms. Davis and directing Ms. Davis to turn the Defendant's file and any discovery over to Mr. Isaacs. Mr. Isaacs represents that he received the Defendant's file and discovery from Ms. Davis over the Christmas holiday and that he continues to investigate the case at this time.

The Court finds that counsel for the Defendant requires additional time to review discovery and prepare and litigate pretrial motions. At the hearing, the Defendant requested forty-five days to research, prepare, and file pretrial motions. The Court agreed with the Defendant's request for additional time and set a motion-filing deadline of February 17, 2012, with responses from the Government due on March 2, 2012. The Court also scheduled a motion hearing for March

13, 2012, at 9:30 a.m., to hear argument on any motions filed in this case. Following this hearing, the Court will need time, not to exceed thirty days, to file its order and in the case of a suppression or dispositive motion, to file a report and recommendation. 18 U.S.C. §3161(h)(1)(H). Upon the filing of the report, the parties will need the statutory time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. The parties will then still need time to prepare for trial in light of the Court's rulings. The Court finds that all of this cannot take place before the current trial date. In light of the Defendant's recent retention of Attorney Isaacs and the amount of preparation remaining in this case, the Court finds that the Defendant could not be ready for trial by January 10, 2012, or in less than five and one half months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendant of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion for Continuance of Pre-Trial Hearing and Trial Dates **[Doc. 21]** is **GRANTED**. The trial of this matter is reset to **June 26, 2012**. The Court also finds that all the time between the filing of the Defendant's motion on **December 27, 2011**, and the new trial date of **June 26, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). A new pretrial motion-filing deadline is set for **February 17, 2012**, with responses due on or before **March 2, 2012**. A motion hearing and pretrial conference before the undersigned is set for **March 13, 2012, at 9:30 a.m.** The plea agreement deadline in this case is **June 12, 2012**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **June 11, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **June 15, 2012**, and shall be

supported by citations to authority pursuant to Local Rule 7.4.

    Accordingly, it is **ORDERED**:

(1) The Defendant's Motion for Continuance of Pre-Trial Hearing and Trial Dates **[Doc. 21]** is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 26, 2012**, **at 9:30 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the Defendant's motion to continue on **December 27, 2011**, and the new trial date of **June 26, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A new motion-filing deadline is set for **February 17, 2012**, with responses due on or before **March 2, 2012**;

(5) A motion hearing and pretrial conference before the undersigned is set for **March 13, 2012, at 9:30 a.m.**;

(6) The plea agreement deadline in this case is **June 12, 2012**;

(7) Motions *in limine* must be filed no later than **June 11, 2012**; and

(8) Special requests for jury instructions with the appropriate citations to authority shall be submitted to the District Court no later than **June 15, 2012**.

**IT IS SO ORDERED.**

    ENTER:

      s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge